Matter of Barletta v Martuscello (2025 NY Slip Op 04286)

Matter of Barletta v Martuscello

2025 NY Slip Op 04286

Decided on July 24, 2025

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:July 24, 2025

CV-24-0921
[*1]In the Matter of Daniel A. Barletta, Appellant,
v
Daniel F. Martuscello III, as Commissioner of Corrections and Community Supervision, Respondent.

Calendar Date:June 20, 2025

Before:Clark, J.P., Pritzker, Reynolds Fitzgerald, Fisher and Powers, JJ.

Daniel A. Barletta, Elmira, appellant pro se.
Letitia James, Attorney General, Albany (Sean P. Mix of counsel), for respondent.

Appeal from a judgment of the Supreme Court (Daniel Lynch, J.), entered May 9, 2024 in Albany County, which, in a proceeding pursuant to CPLR article 78, among other things, dismissed the petition.
On July 5, 2023, petitioner, an incarcerated individual, filed a grievance contesting a Department of Corrections and Community Supervision directive providing that only plastic paint brushes are permitted in correctional facilities. Two months later, the Incarcerated Grievance Resolution Committee recommended that the facility superintendent review the grievance and agreed that the directive should be revisited by the Central Office Review Committee (hereinafter CORC). The superintendent referred the grievance to CORC on or about September 8, 2023, and CORC denied the grievance on or about February 15, 2024. In the interim, petitioner commenced this proceeding by order to show cause in December 2023 contending that denying him access to paint brushes with metal ferrules was arbitrary and capricious. Respondent answered and attached CORC's 2024 determination. Petitioner thereafter moved to seal "the entire record" based upon alleged safety concerns. Supreme Court, sua sponte, dismissed the petition for failure to exhaust administrative remedies, and further denied petitioner's motion to seal. This appeal ensued.[FN1]
We affirm. Although respondent admittedly did not raise petitioner's failure to exhaust his administrative remedies in its answer, petitioner does not contend that he was surprised or prejudiced by Supreme Court's dismissal upon this ground (see CPLR 3018 [b]). Indeed, the parties address this issue on the merits in their respective appellate briefs — with petitioner essentially arguing that once the 30-day period in which CORC was supposed to render its determination had passed (see 7 NYCRR 701.5 [d] [3] [ii]), his appeal was constructively denied, thereby entitling him to commence the underlying CPLR article 78 proceeding. Under these circumstances, we do not find that respondent waived its claim that petitioner failed to exhaust his administrative remedies (compare Matter of Williams v Annucci, 189 AD3d 1839, 1840 n [3d Dept 2020]; Matter of Galunas v Annucci, 166 AD3d 1182, 1182 n [3d Dept 2018]).
Turning to the merits, the time period set forth in 7 NYCRR 701.5 (d) (3) (ii) is directory, not mandatory (see Matter of McMillian v Krygier, 197 AD3d 800, 801 [3d Dept 2021]; Matter of Hendricks v Annucci, 179 AD3d 1232, 1233 [3d Dept 2020], lv denied 35 NY3d 913 [2020], cert denied ___ US ___, 142 S Ct 189 [2021]), and we are not persuaded that petitioner was "substantially prejudiced" (Matter of McMillian v Krygier, 197 AD3d at 802; accord Matter of Walker v Uhler, 185 AD3d 1363, 1364 [3d Dept 2020]) by the roughly five months that elapsed between the time CORC received petitioner's administrative appeal and rendered its resulting determination. Accordingly, we find no error in Supreme Court's dismissal of the petition based upon petitioner's [*2]failure to exhaust his administrative remedies (see Matter of Walker v Uhler, 185 AD3d at 1364; Matter of Golston v Director of Div. of Nutritional Servs., 168 AD3d 1299, 1300-1301 [3d Dept 2019]). Lastly, petitioner's request regarding the sealing of the record in an unrelated proceeding is not properly before us.
Clark, J.P., Pritzker, Reynolds Fitzgerald, Fisher and Powers, JJ., concur.
ORDERED that the judgment is affirmed, without costs.

Footnotes

Footnote 1: Petitioner's subsequent motion to seal the record in the instant proceeding was denied by this Court (2024 NY Slip Op 81459[U] [3d Dept 2024]), and his application for leave to appeal to the Court of Appeals was dismissed.